[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2005
THOMAS K. KAHN
CLERK

No. 05-12036
Non-Argument Calendar
_____

D. C. Docket No. 03-00350-CV-HLM-4

DAVID POLLEY,

Plaintiff-Appellant,

versus

MOHAWK INDUSTRIES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 28, 2005)**

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

David Polley ("Polley") appeals the district court's grant of summary

judgment in favor of Mohawk Industries, Inc. ("Mohawk") on his claims of age

discrimination, pursuant to 20 U.S.C. §§ 621 et seq., and breach of contract. After

review, we affirm.

## I. BACKGROUND

In 1991, plaintiff Polley began working as the president and chief executive officer ("CEO") of World Carpets, Inc. ("World Carpets"). In November 1998, defendant Mohawk purchased World Carpets and entered into a three-year employment agreement with Polley, dated November 5, 1998. Pursuant to the employment agreement, Mohawk employed Polley in a newly-formed position titled "President of Mohawk's Residential Division." Mohawk's president and CEO, Jeffery Lorberbaum ("Lorberbaum"), created the position specifically for Polley. On November 5, 2001, Polley's employment agreement with Mohawk expired and the parties did not renew the contract. While Polley continued to work as "President of Mohawk's Residential Division," Polley no longer had an employment agreement, but became an at-will employee.

On December 1, 2001, Lorberbaum created the position of President of Mohawk's Carpet Group and appointed Montgomery Thornton ("Thornton") to that position. As President of the Carpet Group, Thornton had general management responsibility for sales, marketing, and product development of Mohawk's carpet and hard surface products. Thornton reported directly to Lorberbaum, and Polley reported to Thornton.

In early June 2002, Thornton decided to eliminate Polley's position and terminate Polley's employment. According to Thornton, he decided to terminate Polley's employment because he "felt [he] could effectively manage all of the sales and marketing functions of [Mohawk's] Carpet Group without [Polley's] assistance as President of the Residential Division." Thornton informed Lorberbaum of the decision, and Lorberbaum approved it.

On June 6 or 7, 2002, Thornton met with Polley and informed him that his position was being eliminated and that his employment was being terminated. According to Polley, Polley asked for the cause for the termination, and Thornton replied "let's just say it's to make way for the future." At the time of his termination, Polley was 68 years old. However, it is undisputed that Polley's position was eliminated and that Mohawk did not hire anyone to fill the eliminated position.

## II. DISCUSSION

On appeal, Polley argues that the district court erred in granting summary judgment on his age discrimination claim. Polley also raises several breach of contract claims relating to his deferred compensation, severance pay, and the company car that he used while employed with Mohawk.

3

**A.  Polley's Age Discrimination Claim**

The district court determined that although Polley satisfied his burden of establishing a prima facie case of age discrimination, Polley was unable to show that Mohawk's legitimate non-discriminatory reason for Polley's termination – elimination of the position – was a pretext for discrimination.

A plaintiff may establish a prima facie case of age discrimination using circumstantial evidence by employing the analytical framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089 (1981).  If the plaintiff satisfies his burden of establishing a prima facie case, "the employer then must offer a legitimate non-discriminatory reason for the employment action."  Mitchell v. USBI Co., 186 F.3d 1352, 1354 (11th Cir. 1999). "If the employer does so, the plaintiff bears the ultimate burden of demonstrating that the employer's proffered reasons are a pretext for discrimination."  Id.

We need not decide whether Polley satisfied his burden of establishing a prima facie case, because Mowhawk clearly had a legitimate non-discriminatory reason for Polley's termination, and we agree with the district court that Polley is unable to show pretext in any event.  Polley argues that the decision to terminate him was actually made by Lorberbaum, not Thornton, and that Lorberbaum

4

terminated Polley because of Polley's age. However, both Lorberbaum and Thornton testified that the decision to terminate Polley was Thornton's and that Thornton terminated Polley because his position had become unnecessary. Further, it is undisputed that Polley's position was eliminated and that Mohawk did not hire anyone to fill the eliminated position. Like the district court, we are unable to find any evidence that would permit a reasonable fact finder to conclude that Mohawk's reason for terminating Polley was pretext for discrimination.[1] Thus, the district court correctly granted summary judgment in favor of Mohawk on Polley's age discrimination claim.

## B.      Polley's Breach of Contract Claims

On appeal, Polley raises several breach of contract claims with respect to deferred compensation, severance pay, and the company car that he used while employed with Mohawk.

After review, we conclude that all of the plaintiff's breach of contract claims lack merit, and we affirm the district court's grant of summary judgment on Polley's contract claims for the reasons stated in the district court's well-reasoned and thorough March 9, 2005 order.

---

[1]We reject Polley's argument that pretext is evidenced by Thornton's statement that Polley's termination was to "make way for the future." We do not think there is any evidence of discriminatory intent to be inferred by this statement.

**AFFIRMED.**